UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOOVER AND ASSOCIATES,
FINANCIAL SERVICES, INC.,

    Plaintiff,

v.

ANDREW F. PIRON,

    Defendant.
                                      /

Case No. 10-cv-10623

HONORABLE STEPHEN J. MURPHY, III

**<u>ORDER DISMISSING CASE FOR LACK OF PROSECUTION</u>**

In this action, brought under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, Plaintiff alleges that Defendant unlawfully sent it unsolicited "junk faxes." Plaintiff seeks relief for itself and on behalf of all others who received junk faxes from Defendant in the last four years. The complaint was filed on February 12, 2010, and Defendant was served with process shortly thereafter. There has been no docket activity since that time.

On October 20, 2010, the Court ordered Plaintiff to show good cause why this action should not be dismissed for lack of prosecution pursuant to Local Rule 41.2. Plaintiff filed a timely response that does not explain why Plaintiff has failed to prosecute this case. Instead, Plaintiff asks the Court for permission to begin discovery. Plaintiff states that because Defendant failed to appear and defend against this suit, it may be assumed that the only recovery in this case will be from Defendant's insurance carriers.[1] Plaintiff states that it requires discovery to determine whether Defendant's carriers, if any, cover defending

---

[1] The Court finds it unlikely that Defendant has insurance. If Defendant maintained insurance that covers this lawsuit, it would have answered the complaint. A likely reason Defendant has failed to defend this action is precisely because it *does not* have insurance covering this lawsuit, and, if it loses, it will have to satisfy the entire judgment by itself.

and indemnifying against this lawsuit. Plaintiff states that it will make a demand on the insurance carriers once they are identified. For the reasons stated below, the Court finds this response lacking, and dismisses the action for lack of prosecution.

A district court may dismiss an action if the plaintiff fails to prosecute. Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2. The decision to dismiss an action for lack of prosecution lies within the sound discretion of the district court. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). A district court generally considers four factors in deciding whether to dismiss an action for lack of prosecution: 1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action. *Id.* These factors are "merely guideposts or points of departure for the overall 'abuse of discretion' analysis[,]" they are not required "elements." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004). Any dismissal, even one *with prejudice*, is justifiable in any case where there exists a "'clear record of delay or contumacious conduct on the part of the plaintiff.'" *Id.* (quoting *Mulbah*, 261 F.3d at 591). When a court is considering dismissing an action *without prejudice*, however, the controlling standards "should be relaxed greatly . . . because the dismissed party is ultimately not irrevocably deprived of his day in court." *Id.* at 556.

The Court finds that Plaintiff's response fails to demonstrate the good cause required to avoid a dismissal for lack of prosecution under Local Rule 41.2. Since filing the complaint and serving the defendant over nine months ago, Plaintiff has done nothing to further this action. It never sought an entry of default against the Defendant for the failure to file an answer, despite the fact that Defendant failed to respond to the complaint. *See*

2

Fed. R. Civ. P. 55(a). Plaintiff offers no reason for this failure. Furthermore, it was only when the Court issued its show-cause order that Plaintiff requested leave to begin initial discovery. The failure of the Plaintiff to make the request on its own further demonstrates a lack of diligence in prosecuting this case. With respect to the discovery request itself, the Court finds the request unwarranted by any existing authority. Plaintiff is simply speculating that Defendant has insurance that would cover this action. The proper way to prosecute this action, in the view of the Court, would be to obtain, and later attempt to satisfy, a default judgment. If Defendant's awareness of the lawsuit was not enough to raise a concern, the attempted execution of a judgment would surely trigger a response, which would then likely shed light on whether Defendant had insurance coverage. Plaintiff has not shown good cause for the failure to prosecute.

The Court's good cause analysis under Local Rule 41.2 parallels the analysis of the first *Mulbah* factor, i.e., whether the Plaintiff's failure is due to willfulness, bad faith, or fault. While Plaintiff's conduct might not be characterized as willful or done in bad faith, it is only Plaintiff who is at fault for the failure to prosecute this action. There is no indication that Defendant evaded service, or that circumstances beyond Plaintiff's control prevented it from prosecuting this action. Plaintiff has abused the judicial process by permitting this action to languish on the Court's docket for this long without attempting to prosecute its claims. "[T]rial courts have superior uses for their limited time and scarce resources." *Muncy*, 110 F. App'x at 556.

The remaining factors either support a dismissal without prejudice or are neutral. With respect to the second factor, there appears to be no prejudice to Defendant from Plaintiff's failure to prosecute this action, other than the psychological threat of the delay perpetuated by Plaintiff. The third factor weighs in favor of dismissal, as the Court's earlier order placed

3

Plaintiff on notice that the action would be dismissed absent a showing of good cause for the delay. The fourth factor also weighs in favor of dismissal. Dismissing the action without prejudice is a relatively lenient penalty for Plaintiff's utter failure to prosecute this action, for the dismissal does not irrevocably deprive Plaintiff of its day in court. Plaintiff is free to file a new action, and the only thing it loses is the filing fee and any process server fees. The Court cannot conceive of a sanction that would be less harsh, but would also provide the required deterrent effect. *See also Muncy*, 110 F. App'x at 556 n.4 (recognizing that that the absence of a prior warning, and the failure of the trial court to consider lesser sanctions, are "minor considerations" in cases involving dismissal without prejudice, as the opponent of the dismissal can still ultimately have his day in court). Dismissal is a far less punitive sanction than a substantial fine, a dismissal *with* prejudice, discovery limitations, an accelerated scheduling order, or a prohibition on seeking class certification.

While Plaintiff is free to refile the action, it should be aware that should it refile in federal court, it will likely face a jurisdictional uphill battle. Plaintiff's only alleged basis of subject-matter jurisdiction is federal-question jurisdiction.[2] It is not well-settled in the Sixth Circuit, however, that the TCPA provides a basis for federal-question jurisdiction. *See Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 627 n.2 (6th Cir. 2009) (noting circuit split, but declining to decide the issue). And judges in this District, in various unpublished decisions, have joined the majority view, and decided that federal courts do not have federal-question jurisdiction over TCPA lawsuits. *See, e.g.*, *Compressor Eng'g Corp. v. Mfrs. Fin. Corp.*, No. 09-14444, 2010 WL 3170074 (E.D. Mich. Aug. 11, 2010) (Cox, J.); *Compressor Eng'g Corp. v. Chicken Shack, Inc.*, No. 10-10059, 2010 WL 2836895 (E.D. Mich. July 19, 2010)

---

[2] Because Plaintiff and Defendant are likely citizens of Michigan, *see* Compl. ¶¶ 8-9, diversity jurisdiction does not lie. 28 U.S.C. § 1332(a)(1).

(Borman, J.); *Bridging Cmtys., Inc. v. Top Flight Fin., Inc.*, No. 09-14971, 2010 WL 1790357 (E.D. Mich. May 3, 2010) (Zatkoff, J.); *Machesney v. Lar-Bev of Howell*, No. 10-10085, 2010 WL 821932 (E.D. Mich. Mar. 4, 2010) (Cox, J.); *APB Assocs., Inc. v. Bronco's Saloon, Inc.*, No. 09-14959, 2010 WL 822195 (E.D. Mich. Mar. 4, 2010) (Cox, J.); *see also Charvat v. NMP, LLC*, 703 F. Supp. 2d 735, 737 (S.D. Ohio. 2010) (holding that court lacked federal question jurisdiction over TCPA claim).

While jurisdiction is a threshold issue that must be addressed first, because the Court does not reach the merits of the present case, this Order does not contravene constitutional and statutory limitations on federal judicial power. *See Ruhrgras AG v. Marathon Oil Co.*, 526 U.S. 574, 584-85 (1999) ("'[A] court that dismisses on . . . non-merits grounds . . . such as personal jurisdiction, before finding subject-matter jurisdiction, makes no assumption of law-declaring power that violates . . . separation of powers principles . . . .'" (quoting *In re Papandreou*, 139 F.3d 247, 255 (D.C. Cir. 1998))); *see also* Fed. R. Civ. P. 41(b) ("*Unless the dismissal order states otherwise*, a dismissal [for failure to prosecute or comply with court orders] operates as an adjudication on the merits.") (emphasis added).

For the reasons stated above, the Court will dismiss this action, without prejudice, for lack of prosecution.[3]

**WHEREFORE**, it is hereby **ORDERED** that this action is **DISMISSED without prejudice** for lack of prosecution.

**SO ORDERED**.

---

[3] The Court's dismissal of this action is as much a docket management technique as it is a sanction for delay. *See, e.g.*, *Muncy*, 110 F. App'x at 557 n.5. The Court has a duty to the public to manage its docket and resolve cases in an orderly and expeditious manner. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also In re Smothers*, 322 F.3d 438, 442 (6th Cir. 2003) ("Federal courts have inherent powers necessary for them to function as an institution."). When necessary, this duty includes ridding its docket of stale cases to make room for new ones.

                                                        s/Stephen J. Murphy, III
                                                      STEPHEN J. MURPHY, III
                                                      United States District Judge

Dated: December 1, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 1, 2010, by electronic and/or ordinary mail.

                                                        Alissa Greer
                                                      Case Manager